Filed 12/30/24  P. v. Mejia CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B336642 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA318905) |
| v. | |
| JOSUE MANUEL MEJIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Charlaine F. Olmedo, Judge.  Reversed and remanded with directions.

Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Josue Manuel Mejia appeals from the denial of his petition for recall and resentencing as a juvenile offender pursuant to Penal Code section 1170, subdivision (d)(1).

We reverse and remand for a new hearing on defendant's petition.

## BACKGROUND

In the early morning hours of October 12, 2005, defendant and four fellow 18th Street gang members (Jesus Lorenzo, Adam Perez, Edwin Caseros and Carlos Hernandez) went to the home of a rival gang member (Leonardo Pulido) with whom codefendant Perez had a long and contentious history. After unsuccessfully trying to get Pulido to come outside, defendant and his accomplices went around to the back of Pulido's apartment building, repeatedly threw rocks at Pulido's bedroom window, and then attempted to scale the wall and climb into the apartment through the window. Lorenzo, who was armed and the first to attempt to get into the apartment, climbed part of the way through the bedroom window and was shot and killed by Pulido. Before defendant and his accomplices fled the scene, several shots were fired at Pulido's apartment. Shell casings found outside the apartment matched the handgun found near defendant upon his arrest a short distance from the scene. It was later determined that Lorenzo's blood was on the clothes defendant was wearing at the time of his arrest.

In 2010, defendant, Perez, Caseros and Hernandez were prosecuted for the first degree murder of Lorenzo on a provocative act theory, the premeditated attempted murder of Pulido, attempted residential burglary and shooting at an inhabited dwelling. The jury convicted defendants and his accomplices on all counts and found true a gang-murder special-circumstance allegation, as well as gang and firearm use allegations.

Defendant's sentencing hearing occurred on November 19, 2010. He was sentenced to 47 years to life, plus 40 years in prison.

In 2012, this court, in a published decision, struck and reduced certain statutory fines and fees, but otherwise affirmed defendant's conviction, as well as the convictions of his surviving three accomplices. (*People v. Mejia* (2012) 211 Cal.App.4th 586.)

In August 2023, defendant filed in propria persona a petition for recall of his sentence and resentencing as a juvenile offender pursuant to Penal Code section 1170, subdivision (d)(1). Defendant stated under oath that he was 17 years old when the crimes were committed, he was sentenced to 87 years in prison, he had been incarcerated for at least 15 years, and he expressed remorse for participating in a gang lifestyle that resulted in his participation in the gang-related attempted murder of a rival.

On January 26, 2024, the court denied defendant's petition, explaining that he was not eligible for relief because he was 21 years old at the time the crimes were committed, he was not sentenced to life without the possibility of parole (LWOP) or its functional equivalent, and he had not yet served 15 years in a state prison facility.

This appeal followed.

## DISCUSSION

Defendant contends the court erred in concluding that he was 21 years old at the time of the crimes and that he had not yet been incarcerated for 15 years when he filed his petition pursuant to Penal Code section 1170. Section 1170, subdivision (d)(1) expressly applies only to juvenile offenders sentenced to explicit LWOP terms. Defendant also argues the court should have followed *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) which held that a defendant, like him, who had received a de facto sentence of life without parole was eligible for relief under

3

section 1170, subdivision (d)(1) under due process principles. The People do not dispute that defendant was 17 years old at the time the crimes were committed, and do not attempt to distinguish *Heard* or contend it was wrongly decided. The People's only argument in opposition is that the trial court correctly concluded defendant had not yet been incarcerated for 15 years within the meaning of the statute.

Penal Code section 1170, subdivision (d)(1)(A) provides in relevant part: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole *has been incarcerated* for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (Italics added.)

Penal Code section 1170, subdivision (d)(1)(A) says "incarcerated for at least 15 years," and it does not use the word "sentence" or otherwise define the 15 years as running from imposition of sentence. Black's Law Dictionary defines incarceration as including "confinement in a jail or penitentiary." (Black's Law Dict. (6th ed. 1990) p. 760, col. 2.) At least one court has already ruled the statute's use of the phrase "incarcerated for at least 15 years" includes a defendant's preconviction confinement in jail based on the plain meaning of "incarcerated," supported by the legislative history. (*People v. Ruiz* (2024) 104 Cal.App.5th 1027, 1032; see also *Heard, supra,* 83 Cal.App.5th at pp. 613-614, 621 [finding without discussion that Heard satisfied the element of having been incarcerated at least 15 years when record showed his petition was filed less than 15 years after imposition of sentence].)

It is undisputed here that if defendant's preconviction custody in jail is considered, his petition was filed after the

4

passage of 15 years of continuous incarceration. As stated above, the People do not suggest *Heard* was wrongly decided nor offer any basis for distinguishing *Heard* from the facts of this case. The trial court did not explain why it concluded a term of 47 years to life, plus 40 years in prison, imposed when defendant was 17 (or, as the court mistakenly believed, 21) years old is not the functional equivalent of an LWOP sentence. At least one court following *Heard* has held parole eligibility under Penal Code section 3051 does not render juvenile offenders ineligible for relief under section 1170, subdivision (d)(1). (*People v. Sorto* (2024) 104 Cal.App.5th 435, 440.)

Accordingly, we conclude the trial court erred by denying defendant's petition on the grounds he did not meet the age and length of incarceration requirements and was not sentenced to the functional equivalent of an LWOP sentence. We express no opinion on whether defendant has met the other requirements of Penal Code section 1170, subdivision (d)(1). Nor do we express an opinion on what relief the court should grant if it concludes defendant is eligible for recall and resentencing. On remand, the trial court shall consider those issues for the first time.

## DISPOSITION

The order denying defendant and appellant Josue Manuel Mejia's petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1) is reversed and the case remanded to the superior court with directions to conduct a new hearing. On remand, the trial court shall reconsider defendant's petition in accordance with this opinion.

GRIMES, J.

WE CONCUR:

STRATTON, P. J.        WILEY, J.

5